IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KELLY J. PALMER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-12-893-W |
| ) | |
| **CAROLYN W. COLVIN,**[1] ) | |
| **Acting Commissioner of the** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Kelly Palmer (Plaintiff) brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for a period of disability and/or disability insurance benefits under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record (Tr.), and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings by filing an application for a period of disability and/or disability insurance benefits, alleging that he became disabled on June 20, 2007. [Tr. 123-129]. An Administrative Law Judge (ALJ) conducted a hearing and determined that

---

[1] Effective February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this action.

Plaintiff retained the capacity to perform a full range of "sedentary" work and was therefore not disabled under the Medical-Vocational Guidelines. [Tr. 17-18]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1-5], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Reversal is necessary if the ALJ failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that he has one or more severe impairments. *See* 20 C.F.R. §

404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  If he succeeds, the ALJ will then consider whether Plaintiff's impairment meets or medically equals the criteria of a "listed" impairment.  *See* 20 C.F.R. § 404.1520(d).  If it does, Plaintiff is "per se disabled." *Knipe v. Heckler*, 755 F.2d 141, 145 (10th Cir. 1985).  If the impairment does not meet or medically equal a listed impairment but Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The ALJ determined in relevant part that Plaintiff has "severe" degenerative disc disease but that the impairment does not meet or medically equal listed impairment 1.04 (disorders of the spine).  [Tr. 12-13].  He then concluded that Plaintiff has the residual functional capacity (RFC) to perform a full range of "sedentary" work [Tr. 13] and pursuant to the Medical-Vocational Guidelines is therefore not disabled.  [Tr. 17-18].

**Plaintiff's Claims of Error**

While Plaintiff presents two claims of error on judicial review, remand is recommended because the ALJ did not explain his implicit rejection of medical evidence relating to Plaintiff's "foraminal narrowing" when considering whether Plaintiff's degenerative disc disease meets or medically equals listing 1.04.  Accordingly, Plaintiff's second claim involving an alleged misapplication of the Medical-Vocational Guidelines to find Plaintiff "not disabled" will not be addressed.  *See Watkins v. Barnhart,* 350 F.3d 1297,

1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

**Analysis**

The ALJ determined in relevant part that Plaintiff is severely impaired by degenerative disc disease but that "the record is devoid of evidence of nerve root compression . . ." and thus the impairment does not meet or medically equal listing 1.04. [Tr. 12-13].

Plaintiff alleges that the ALJ erred because he failed to recognize the objective medical evidence of "foraminal narrowing." According to Plaintiff's sources, "foraminal narrowing" *is* nerve root compression. Plaintiff's Brief, pp. 6-7 [Doc. No. 15]. The Commissioner disagrees, arguing that "foraminal narrowing" simply *causes* nerve root compression and that the medical record is in fact devoid of any evidence of actual nerve root compression. Commissioner's Brief, pp. 7 [Doc. No. 7].[2]

The undersigned finds authority for both positions.[3] In that light, the court cannot

---

[2]The Commissioner also argues that two state medical consultants agreed that Plaintiff's impairment did not meet or equal a "listed" impairment. Commissioner's Brief, pp. 7-8. But the ALJ did not rely on these opinions at step three and "[a]ffirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004).

[3]Some sources would seemly support Plaintiff' theory that the presence of "foraminal narrowing" is evidence per se of nerve root compression. *See, e.g., Steward v. Astrue*, No. 6:11-CV-00689-SI, 2012 WL 4210624, at *4 (D. Or. Sept. 19, 2002) (seeming to accept, without comment, plaintiff's claim that evidence of "foraminal narrowing" indicated nerve root compression for listing 1.04 but affirming because claimant's impairment did not meet the remaining requirements); *see*
(continued...)

conclusively say whether the ALJ was correct when he said that the record was "devoid" of evidence of nerve root compression. Indeed, because the ALJ did not mention "foraminal narrowing," the court cannot know whether he considered and rejected the evidence (deciding that it did not constitute nerve root compression), or whether he inadvertently overlooked the evidence and would have made a finding of nerve root compression but for the oversight. In any regard, the court "cannot simply presume the ALJ applied the correct legal standards in considering [the medical evidence]." *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).

In short, the ALJ may have had legitimate reasons for finding that Plaintiff's "foraminal narrowing" did not constitute nerve root compression; however, his failure to provide this court with an explanation makes it impossible to determine whether appropriate legal principles were followed. And as Plaintiff argues, the error is not harmless.

Under listing 1.04, if the ALJ had found nerve root compression he would have then

---

[3](...continued)
*also* http://www.stenosis-foraminal.com/managing_your_foraminal_stenosis_symptoms ("Foraminal stenosis means that some anatomical abnormality . . . is taking up space in a foramen, one of the channels through which [the] spinal cord's nerve roots exit the spinal column. The resulting compression of the nerve root is what is causing the pain, numbness, weakness, and tingling . . . .").

Other sources would suggest that the Commissioner's theory is correct. *See, e.g., Wright v. Astrue*, No. 2:11-CV-357-PRC, 2012 WL 3818219, at *9 (N.D. Ind. Sept. 4, 2012) (rejecting plaintiff's claim that his impairment met listing 1.04 with a diagnosis of "foraminal narrowing" because the medical record never included a specific diagnosis of nerve root compression); *see also* http://www.laserspineinstitute.com/back_problems/foraminal_narrowing/def/ ("Foraminal narrowing, or stenosis, is often asymptomatic, but problems can arise *if* the reduced space in the foraminal canal leads to nerve compression." (emphasis added)).

had to consider whether Plaintiff had: 1) neuro-anatomic distribution of pain, 2) limitation of motion of the spine, 3) motor loss accompanied by reflex loss, and 4) positive straight-leg raising test involving the lower back. Plaintiff's Brief, p. 5 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1. Listing 1.04(A)). The medical record contains evidence suggesting that Plaintiff's impairment may meet that criteria. *See* [Tr. 496, 499-500, 511 (evidence of distribution of pain); 492, 495, 499-500, 511, 527 (evidence of decreased range of motion); 492, 495, 499, 527 (evidence of a reflex loss); 511 (positive straight-leg raising test)].[4]

Accordingly, the undersigned recommends reversal and remand for further proceedings.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by April 18, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[4] The undersigned forms no opinion regarding whether this evidence does in fact establish that Plaintiff's degenerative disc disease would satisfy the criteria for listing 1.04. If, on remand, it is determined that Plaintiff's "foraminal narrowing" does constitute nerve root compression, the ALJ will have to weigh and consider this evidence.

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 28th day of March, 2013.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE